IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RAFAEL BARAJAS-BARRAGAN,

        Petitioner,                           OPINION and ORDER

    v.                                            24-cv-420-wmc

E. EMMERICH, Warden,

        Respondent.
_____

      Petitioner Rafael Barajas-Barragan is a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford").  Representing himself, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that he is entitled to an earlier release on two grounds:  (1) the Federal Bureau of Prisons ("BOP") has incorrectly construed his immigration detainer as a final order of deportation that disqualifies him for time credits earned under the First Step Act ("FSA"); and (2) BOP failed to consider his prison jobs as "productive activities" for which he can earn additional time credits.  Waiving the exhaustion requirement, respondent argues that the petition fails on the merits because petitioner's final order of removal makes him ineligible for application of any FSA time credits he may have earned.  For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

OPINION

      Petitioner is currently serving a 168-month term of imprisonment at FCI-Oxford, to be followed by a three-year term of supervised release, as the result of a 2018 conviction for conspiring to possess methamphetamine with intent to distribute. (Dkt. #10-1, at 1-3).  His

1

projected release date is April 20, 2026.  (Dkt. #1-2, at 2.)  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, to challenge the execution of his sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).  To obtain a writ, petitioner must show that he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs").  The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]"  18 U.S.C. § 3632(d)(4)(C).  However, even if an inmate is eligible to earn FTCs, BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Here, respondent has provided a Notice and Order of Expedited Removal dated April 8, 2017, ordering petitioner removed from the United States pursuant to 8 U.S.C. § 1225(b)(1).  (Dkt. #10-8.)  Therefore, even though petitioner has been receiving credit for institutional programming since December 21, 2018, and may or may not be entitled to

additional FTCs for his prison jobs,[1] he is not eligible to have those FTCs applied for an earlier release date. While plaintiff argues that he is not subject to a "final" order of deportation because he is seeking asylum and has filed an appeal with the Department of Homeland Security, this court and other federal courts considering this specific issue have rejected arguments like petitioner's and held that orders of expedited removal entered by an immigration officer under § 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1), and approved by a supervisor, are considered final. *See Yefferson v. Emmerich*, dkt. #20, at 4, No. 24-cv-93-wmc (W.D. Wis. Nov. 22, 2024) (*citing Ceron v. Engelman*, No. 23-cv-3388, 2024 WL 967858, *2 (C.D. Cal. Jan. 24, 2024); *Pineda v. Cruz*, No. 23-cv-4939, 2024 WL 1526120, at *3 (D.N.J. April 9, 2024); *Gomez-Cuzme v. Birkholz*, No. 23-cv-1753, 2023 WL 4423602, *3 (C.D. Cal. June 1, 2023); 8 C.F.R. § 235.3(b)(7)). The record in this case shows that an immigration officer determined that petitioner was inadmissible under INA § 212(a)(7)(i)(I), and a supervisor reviewed and approved the determination, making the order final. (Dkt. #10-8.) Any challenge to petitioner's removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]" 8 U.S.C. §§ 1252(a)(5), 1252(b)(2). Therefore, unless and until petitioner prevails in proceedings before the immigration courts or a court of appeals, his expedited order of removal remains valid. *Hurtado v. Warden, FCI Oxford*, No. 24-CV-796-WMC, 2025 WL 472742, at *2 (W.D. Wis. Jan. 14, 2025).

---

[1] While petitioner argues that he is entitled to more FTCs based on his prison jobs as a recreation umpire, tutor, laborer, and orderly, the court will not consider this issue as it has no bearing on the success of his petition.

Accordingly, petitioner fails to show that any FTCs apply to shorten his term of imprisonment or that his sentence has been calculated incorrectly. Because he is not entitled to relief under 28 U.S.C. § 2241, his petition must be denied.

## ORDER

IT IS ORDERED that petitioner Rafael Barajas-Barragan's federal habeas corpus petition filed under 28 U.S.C. § 2241 (dkt. #1) is DENIED and this case is DISMISSED with prejudice. The clerk of court is directed to enter judgment and close this case.

Entered this 9th day of June, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge